McIlvaine, C. J.
The lands in controversy had been duly taken in execution and appraised as the property of Perry, the judgment debtor, in his lifetime; but were sold under a venditioni exponas issued after his death, and without proceedings to make his representatives parties to the judgment. The question is, were the sale so made, the confirmation of the sale and the deed of the sheriff made in pursuance thereof void ? This question has not heretofore been resolved in this state by the court of last resort. In a recent case, however, Beaumont v. Herrick, 24 Ohio St. 445, it was held that a decree for the sale of specific real estate might be executed after the death of the person against whom it was rendered without reviving the judgment as against the heir.
And in a very early case, Massie’s Heirs v. Long, 2 Ohio, 290, it was said to be “ well settled that if the defendant die after execution is sued out and levied, that the execution proceeds as if death had not taken place.” It may be conceded that the above extract from the opinion in that case was obiter dictum, the case before the court being one in which the execution was issued and levy made after the death of the'"j udgraent debtor, and the sale was held to be *546 void. It nevertheless shows very satisfactorily the opinion of the eminent judges who held the court, upon the point, and also the practice which had obtained in this state at that early period — to wit, 1826.
The practice which thus appears to have been settled at that date, has been conti ntied ever since, and, in the absence of a statutory provision, should not now be condemned except for the most weighty reasons.
Among the strongest reasons urged against it, is this, that upon the death of the judgment debtor his lands descend to the heir; and being no longer thé property of the debtor, but that of the heir, they should not be taken or sold for the debt, until the heir is made a party to the judgment. The weight of this objection is removed by the simple statement, that the heir takes subject to the rights of the creditor; and the right of the creditor to appropriate the specific property to the payment of his judgment wag determined by the levy before descent cast. The action was no longer adversary. The law, having settled the rights of the parties, had seized the -property for the satisfaction of its own judgment. Execution was pending. The venditioni exponas was the mere complement of the fieri facias. Together they completed the process of execution. The heir succeeded to an estate in the custody of the law, and took it subject to the process of execution al ready in operation.
Again, it is urged that inasmuch as the personal estate •of a deceased debtor must be exhausted, in the course of •administration, before the realty can be subjected to the ■payment of debts, therefore the representatives of the de'ceased debtor should be made parties to the judgment. The answer to this objection is this: Specific liens on the lands of a deceased debtor may be enforced without waiting the time necessary for marshaling the personal assets. Ey the levy, a specific lien was secured; and were it necessary to make the legal representative of the deceased judgment-debtor a party to the judgment-, before sale on execution, it is quite certain that after such proceeding, execution *547 might proceed without awaiting the reduction and application of the personal assets.
It is contended, however, that whatever may be the rule in such cases, in the absence of legislation, section 89 of “ an act to regulate the practice of the judicial courts,” passed March 8, 1831 (in force in 1845), required the heir to be made a party to the judgment before a sale on execution. That section provided as follows:
“ Sec. 89. That if either the plaintiff or defendant, or both, shall have died after final judgment, and before satisfaction thereof, it shall and may be lawful for the plaintiff, or if he shall have died, then for his real or personal representatives, as the case may require, to cause the defendant, or if he shall have died, then his representatives, real or personal, as the case may require, to be made a party to such judgment, by writ or writs of scire facias, to be issued, served, and returned in the same manner that a summons may be issued, served, and returned by law; and such judgment may be rendered and execution awarded in the premises as might or ought to be given or awarded against the representatives, real or personal, of a deceased party in other cases.”
We do not understand that this statute required the representatives, real or personal, of a deceased judgment debtor, to be made parties to the judgment in all cases where the death occurred before satisfaction of the j udgment. It authorized such proceeding by scire facias, if satisfaction could not otherwise be obtained; as, for instance, where an execution had not been issued before the death of the judgment debtor, or when the execution, having been issued, had not been levied before the death. The old practice, however, of proceeding to sale, where the levy had been made before the death of judgment debtor, was not disturbed.

Motion overruled.

Welch, White, Rex, and Gtlmore, JJ., concurred.